## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4426-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Anthony Nugent v. Correctional Officer Rush, CDCR, et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| D. Castellanos | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS:  ORDER TO SHOW CAUSE**

## I.
## Proceedings

On June 19, 2013, Anthony Nugent ("Plaintiff") lodged for filing what purports to be a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  (ECF No. 1.) However, Plaintiff has failed to pay the full filing fee of $350 and has failed to submit an *in forma pauperis* application in order to proceed without payment of the full filing fee.

Further, in accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must examine a complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1).  Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

For the reasons set forth below, Plaintiff is ordered to show cause why this matter should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4426-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Anthony Nugent v. Correctional Officer Rush, CDCR, et al.** | | |

not be dismissed.

## II.
## Discussion

### A.      Summary of Plaintiff's Allegations.

The named Defendants in the Complaint are as Correctional Officer Rush and the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff alleges violation of the Eighth and Fourteenth Amendments to the United States Constitution, as well as several state law claims. He sues Defendants in their individual and official capacities. He seeks damages and injunctive relief. (Compl. at 1-4.)

Plaintiff alleges that he is a confined transsexual who is also infected with the AIDS/HIV virus. During the time he was housed as the Los Angeles County California State Prison in administrative segregation, he was repeatedly harassed, insulted, threatened, and discriminated against by Defendant Rush based on Plaintiff's gender identity. Specifically, on June 6, 2013, Defendant Rush approached Plaintiff and stated "I hate you. I hate male to female transgenders, especially with AIDS." On a prior occasion, Defendant Rush stated to Plaintiff in a threatening manner "I'm going to beat you faggot ass and spray you. Then I'll tear-up your faggot-ass cell, because I don't like faggots." Defendant Rush also threatened to write up Plaintiff. When Plaintiff stated he would file a grievance against Defendant, Defendant stated "you know what faggot-sue me. I'm retiring." Plaintiff later filed a grievance against Defendant Rush. (Id. at 2, 3.)

### B.      The Complaint Is Subject to Dismissal Based on Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state. Holz v. Nenana City Public School Dist., 347 F.3d 1176, 1180 (9th Cir. 2003). The United States Supreme Court has held that a suit against a state employee acting in his official capacity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4426-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Anthony Nugent v. Correctional Officer Rush, CDCR, et al.** | | |

is tantamount to a lawsuit against the state.  See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Furthermore, a § 1983 action may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In the Complaint, Defendants are being sued in their individual and official capacities.  Plaintiff seeks damages and injunctive relief. (Compl. at 2, 4.)  To the extent Defendants are being sued for damages in their official capacities, the Eleventh Amendment bars such claims.

## C.   The Complaint Is Subject to Dismissal for Failure to State a Fourteenth Amendment Equal Protection Claim.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985); see also Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001).  To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based on his membership in a protected class.  Lee, 250 F.3d at 686 (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Where the challenged governmental action does not involve a suspect classification, a plaintiff must show that similarly situated people were intentionally treated differently without a rational basis for the disparate treatment.  Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000); SeaRiver Mar. Fin. Holdings Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).

 "Homosexual person or gays and lesbians" are protected from discrimination by the Equal Protection Clause of the Fourteenth Amendment.  Romer v. Evans, 517 U.S. 620, 631-36, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996).  Although homosexuals do not constitute a "suspect or quasi-suspect class" entitled to heightened equal protection scrutiny, see High Tech Gays v. Def. Indus. Sec. Clearance Office, 895 F.2d 563, 571-74

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4426-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Anthony Nugent v. Correctional Officer Rush, CDCR, et al.** | | |

(9th Cir. 1990), a defendant may defeat allegations that a plaintiff was discriminated against on the basis of mere status as a homosexual only if he can establish that the discriminatory regulation, policy, or practice is rationally related to a legitimate governmental purpose.  See Evans, 517 U.S. at 633-36 (finding state constitutional amendment prohibiting gays and lesbians from seeking protection of the laws bears no rational basis to legitimate state interests).  In the context of prisons, a regulation, policy, or practice that discriminates against homosexuals will not survive unless it is "reasonably related to legitimate penological interests."  See Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Here, Plaintiff has failed to state a claim under § 1983 for violation of the Equal Protection Clause based upon sexual orientation discrimination.  The only alleged discrimination by Defendant is verbal abuse and derogatory remarks concerning his sexual orientation.  (Compl. at 2.)  However, allegations of verbal harassment and abuse alone fail to state a claim cognizable under section 1983.  Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (prison guard's use of "vulgar language" toward prisoner does not violate constitution).  Further, allegations of mere threats also are not cognizable under § 1983.  See Corales v. Bennett, 567 F.3d 554, 564-65 (9th Cir. 2009) (allegations that prison guards threatened prisoner insufficient to state constitutional claim).  As a result, however offensive and derogatory the language that Defendant Rush allegedly used against Plaintiff, that alone does not give rise to a constitutional claim.  Plaintiff fails to allege any other type of disparate action taken against him based upon his status in a protected class.  Thus, the Complaint fails to state a claim upon which relief can be granted.

**III.**
**Conclusion**

Based the foregoing, Plaintiff is ordered to show cause on or before July 26, 2013, why he should not be required to submit the required filing fee of $350.  Alternatively, Plaintiff may submit the filing fee to the clerk's office prior to that date or submit an *in forma pauperis* application in order to proceed without payment of the full filing fee.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-4426-UA (OP)** | Date | **June 21, 2013** |
|---|---|---|---|
| Title | **Anthony Nugent v. Correctional Officer Rush, CDCR, et al.** | | |

Further, as set forth above, regardless of whether Plaintiff pays the filing fee, it appears that the Complaint would be subject to dismissal for failure to state a claim for relief.  If Plaintiff still wishes to pursue this action, he shall also have until July 26, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint.  The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.

Failure to comply with the requirements of this OSC will result in the administrative closure of this case and/or the denial of an *in forma pauperis* application for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

cc:  All Parties of Record

|  | |
|---|---|
| Initials of Deputy Clerk | D.C. |